# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAROLD DEAN HALL,

            Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

            Agency.

DOCKET NUMBER
AT-0831-12-0046-I-1

DATE: November 18, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Harold Dean Hall</u>, Garden City, Georgia, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) in the appellant's application for a survivor annuity based on the Federal service of his deceased spouse. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown for the delay.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        In a previous appeal, the appellant challenged OPM's decision denying his application for a survivor annuity based on the service of his deceased spouse, who was a Federal retiree.  *Hall v. Office of Personnel Management*, MSPB Docket No. AT-0831-09-0280-I-1, Initial Decision at 1 (May 11, 2009).  The Board affirmed in part OPM's reconsideration decision denying his application on the grounds that he was not married to the decedent at the time of her retirement, and she had not made a timely election to provide him with a survivor annuity within 2 years of the date of their marriage.  *Id.* at 2-4.  The Board remanded the appeal to OPM, however, for issuance of an additional reconsideration decision addressing whether the appellant was entitled to a survivor annuity based on his possible common-law marriage to the decedent at the time she retired.  *Id.* at 4-5. The appellant filed a petition for review, which the Board denied.  *Hall v. Office of Personnel Management*, 112 M.S.P.R. 302 (2009) (Table).  He subsequently sought review in the U.S. Court of Appeals for the Federal Circuit, which dismissed his appeal as premature because the Board had remanded it to OPM for further adjudication.  *Hall v. Office of Personnel Management*, 358 F. App'x 152, 153 (Fed. Cir. 2009).

¶3        On March 5, 2011, OPM issued an initial decision finding that the appellant failed to establish that he and the decedent had a valid common-law marriage when she retired.  Initial Appeal File (IAF), Tab 6, Subtab 2c.  The appellant, who by then was incarcerated, requested reconsideration of the decision.  *Id.*, Subtabs 2b, 2c.  OPM issued a reconsideration decision affirming the conclusion reached in the initial decision.  *Id.*, Subtab 2a.  The appellant then filed this appeal. IAF, Tab 1.  After a telephonic hearing, the administrative judge affirmed the reconsideration decision.  IAF, Tab 13, Initial Decision (ID) at 1.  The initial

decision was issued on February 10, 2012, with a finality date of March 16, 2012. ID at 1, 9. The appellant filed this petition for review on or about July 30, 2015. Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶4　　The petition for review is filed late by over 3 years and 4 months. The Board's regulations require that a petition for review be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision. 5 C.F.R. § 1201.114(e). The Board will excuse the untimely filing of a petition for review only upon a showing of good cause. 5 C.F.R. § 1201.114(g). An untimely filed petition for review must be accompanied by a motion that shows good cause for the untimely filing and an affidavit or sworn statement that includes a specific and detailed description of the circumstances causing the late filing. *Id.*

¶5　　Here, the Clerk of the Board acknowledged receipt of a petition for review, but informed the appellant that: (1) the petition was untimely filed; (2) the Board's regulations require that a petition that appears to be untimely filed be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause; (3) such a motion must be supported by an affidavit or declaration made under penalty of perjury showing either that the petition was timely filed or that there is good cause for the late filing; and (4) the Board may dismiss the petition for review as untimely filed if the appellant did not provide a motion with an affidavit or declaration. PFR File, Tabs 2-3. The Clerk of the Board provided the appellant with a copy of a motion to accept the filing as timely or to waive the time limit for good cause. The motion provided the appellant with notice on how to establish that an untimely filing was the result of an illness. *See* PFR File, Tab 3.

¶6      The appellant filed a copy of the Board's motion form. PFR File, Tab 6. Therein, he explained that he was taken to and from a prison medical facility for testing because of a head injury and that he had been having vision problems as a result of the injury. *Id.* at 4-5. He included with his motion an authorization for the Board to obtain his medical records from the prison. *Id.* at 6-7.

¶7      To establish good cause for waiver of the Board's filing deadline, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). In considering whether he has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8      The appellant here is pro se, but the delay was a lengthy one. Although he is incarcerated and alleged some circumstances beyond his control that may have affected his ability to comply with the time limits, it is difficult to ascertain whether those circumstances contributed to the delay in filing his petition for review. We do not know, for example, when the appellant received the initial decision or was taken to another prison facility for testing.[2] We also do not know the extent to which his vision was compromised and whether that condition or the head injury affected his ability to read or comprehend the Board's

---

[2] In this regard, we note that the Board's timeliness regulations incorporate a due diligence requirement and that, pursuant to this requirement, an appellant is responsible for keeping the Board informed of his mailing address. *See* 5 C.F.R. § 1201.114(e) (incorporating the timeliness standard in section 1201.22(b)(3) pertaining to an appellant's receipt of a final agency decision).

correspondence. Although the appellant has authorized release of his medical records, it is he who bore the burden to produce evidence related to the timeliness issue. *Keatting v. Department of the Navy*, 77 M.S.P.R. 642, 645 (1998). He did not do so and thus failed to establish the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review.

¶9      Accordingly, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision, which affirmed OPM's reconsideration decision, remains the final decision of the Board.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.